Order may be drawn in accordance with this opinion.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, General Drivers and Helpers Local 554, AFL–CIO, and Albert S. Parker, James Faulhaber, William Henley and Edward Jansa, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Boyd Stewart LEEDOM, Abe Murdock, Ivar H. Peterson, Philip Ray Rodgers, Stephen Sibley Bean, Individually and as members of the National Labor Relations Board, and National Labor Relations Board, Defendants.

Civ. No. 550–56.

United States District Court
District of Columbia.
March 20, 1956.

Philip F. Herrick, Washington, D. C., David Weinberg, Omaha, Neb., for plaintiffs.

868

Duane B. Beeson, Norton J. Come, National Labor Relations Board, Washington, D. C., for defendants.

McLAUGHLIN, District Judge.

This is an action seeking a preliminary injunction restraining the enforcement of an Act of Congress, specifically Section 9(c) (3) of the National Labor Relations Act, as amended,[1] on the ground that the particular provision thereof is unconstitutional and/or that the National Labor Relations Board is unconstitutionally applying said provisions of the Act. Defendants filed a motion to dismiss or in the alternative for summary judgment.

The cause came on to be heard March 5, 1956, before a statutory Three-Judge Court, pursuant to the provisions of Title 28 U.S.C. § 2284. That Court ruled that the provision of the Act was, of itself, constitutional. The Three-Judge Court was, therefore dissolved, and the case remanded to this Court to hear all further arguments, including argument on the question of unconstitutional applicability of Section 9(c) (3) by the Board. Counsel for both sides presented memoranda of points and authorities.

■■■ Plaintiffs, in regard to the question of unconstitutional application of the Act, allege they have been denied equal protection of law in violation of their constitutional rights, but cite no cases, which, in the Court's opinion, would support such allegation. Nor has the Court been able to discover authority to sustain such contention in any of the decided cases. As set forth in plaintiffs' points and authorities in opposition to defendants' motion to dismiss or for summary judgment, the National Labor Relations Board has interpreted Section 9(c) (3) as denying "economic strikers" the right to vote, while allowing "unfair labor practice strikers" the same right. A more accurate statement might be that a striking worker is eligible to vote if entitled to reinstatement. However

"where a strike is not caused by an unfair labor practice but is economic in nature, the employer need not discharge replacements in order to rehire strikers." National Labor Relations Board v. Thayer Co., 1 Cir., 213 F.2d 748, 752,[2] citing National Labor Relations Board v. Mackay Radio & Telegraph Co., 304 U.S. 333, 345, 58 S.Ct. 904, 82 L.Ed. 1381, 1389; National Labor Relations Board v. Jackson Press, Inc., 7 Cir., 201 F.2d 541, 546. Thus, in such a situation, the striker would not be entitled to reinstatement and his right to vote would be directly affected.

■ It is plaintiffs' contention that this distinction by the Board between "economic striker" and "unfair labor practice striker", and their respective eligibility or ineligibility to vote, constitutes a discrimination violative of plaintiffs' constitutional rights. But, as stated above, no cases to which the Court's attention has been directed would uphold plaintiffs' averment, and the Court in its own research has been unable to find support for such contention. In the foregoing circumstances the Court has not been persuaded that the constitutional rights of plaintiffs have been violated, and the Court so holds.

■ Departing from the constitutional question and adverting to the more general proposition raised by counsel for plaintiffs that irreparable injury will result to them if injunctive relief is not forthcoming, plaintiffs rely on Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160, and Pierce v. Society of Sisters of Holy Names, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070. Those cases hold that where an injury is impending or present, and not a mere possibility in the future, one need not wait for the happening of the threatened injury to obtain preventive relief. In the instant case, however, it is obvious that a real uncertainty exists as to whether or not the operation of the statute will result in a determination of a bargaining agent oth-

1. 29 U.S.C.A. § 159(c) (3).

2. Certiorari denied 348 U.S. 883, 75 S.Ct. 123, 99 L.Ed. 694.

er than the plaintiff Union, since such cannot be ascertained until votes cast on that issue are counted.

In the circumstances, the Court concludes that the interpretation of Section 9(c) (3) by the Board is not violative of any constitutional right of plaintiffs, and the motion of defendants to dismiss the complaint or in the alternative for summary judgment is hereby sustained.

Counsel for defendants will prepare appropriate order.